Mueller & Mueller, of Fort Worth, and Y. P. Broome, of Tulsa, Okl., for appellant.

Mullinax, Wells & Ball and Chas. J. Morris, all of Dallas, for appellees.

**TIDE WATER ASSOCIATED OIL CO. v. OIL WORKERS INTERNATIONAL UNION et al.**

**No. 14264.**

Court of Civil Appeals of Texas. Dallas.
Dec. 1, 1950.

Rehearing Denied Jan. 5, 1951.

BOND, Chief Justice.

This is an action brought under the Uniform Declaratory Judgments Act, Title 46A, Art. 2524—1, Vernon's Ann. Civil Sts., involving a mutual contract of the parties in settlement of a grievance claimed by the appellees to have been "unfair treatment" to the employer's employee, resulting in demotion of his employment classification and suspension of service.

The grievance or disciplinary action of the employer, Tide Water Associated Oil Company (appellant herein), claimed by appellees to be "unfair treatment," is that the employee, C. H. Tims (appellee herein), "disregards operating rules and policies" of the Company, which, under the contract, justified his demotion from an oil pumper (a skilled classification in the oil field where he was employed) to roustabout (oil field lingo for a menial job classification) and his suspension for 30 days. The contract involved was promulgated by the appellee Oil Workers International Union, a voluntary association, having the purpose of securing and maintaining proper working conditions between employers and employees,—thus avoiding union strikes and litigation; also mitigating ill feelings between employers and employees and maintaining due regard for the rights of capital and labor under the practices and

uses of the labor union. The grievance under review, in due order under the contract, was submitted to arbitration and, on hearing, the arbitrator sustained the grievance of the Company; which, in effect, is that the Company was not guilty of "unfair treatment" of its said employee. Notwithstanding the grievance of the employer was sustained by such award, the arbitrator revoked that portion of the Company's disciplinary action suspending the employee for 30 days, and directed reimbursement of his loss in wages. On the basis of the action of the arbitrator revoking the order suspending the employee, the employer instituted this declaratory judgment action in a County Court at Law of Dallas County to set aside the arbitrator's award and declare the rights of the parties under the contract. On hearing, the trial court, without aid of a jury, entered judgment sustaining the action of the arbitrator as coming under the terms of the contract, and decreed that appellee Tims should be reinstated to his employment as a "roustabout" and that his scale of wages be paid for the term of such suspension.

It is conceded by the parties to this appeal that the grievance or complaint occurred between the Company and its employee Tims, and that such grievance or complaint justified arbitration proceedings under terms of the contract. The only controversial issue involved is whether the arbitrator had jurisdiction to decide whether the punishment meted out by the appellant to appellee Tims comes within the jurisdiction of the arbitrator under the purview of the contract. The contract, material here, provides:

"Dismissals and discipline:

"(1) An employee who is inefficient, disregards operating rules and policies, or is insubordinate, is subject to immediate dismissal.

"(2) An employee may be suspended or otherwise disciplined for any cause which the Company considers justifiable.

"(3) Any employee who is dismissed, suspended or otherwise disciplined shall be informed in writing at once of the reason therefor, and shall at his request be given an immediate hearing by the District Superintendent. The employee or his representative may within ten days present the matter as a grievance, starting with step three of Article XXII, provided that no dismissal, suspension or other disciplinary act shall be subject for arbitration unless unfair treatment of the employee is shown to have occurred.

* * * * * *

"Article XXIII:

* * * * * *

"(4) Jurisdiction of Arbitration: The arbitrator or arbitrators to whom any grievance shall be submitted in accordance with the provisions of this Article, shall have jurisdiction and authority only to interpret and apply the provisions of this agreement insofar as shall be necessary to the determination of such grievance. Such arbitrator or arbitrators shall not have jurisdiction or authority to alter in any way the provisions of this agreement, or to add to or subtract from, or to modify any of the terms of this agreement."

■ It will be seen that the right of arbitration and the jurisdiction of the arbitrator are based on the contract limiting such arbitration to specific grievances, contrarie of general functioning in equity; and where such claimed grievance is not shown to have occurred, the arbitrator thus appointed is expressly clothed with authority to award same as "unfair treatment," and in turn may award restoration of the employee's status. On the other hand, if such grievance occurred as conceded, or as the arbitrator determined, such arbitrator is without power to award such grievance to be "unfair treatment," and to disturb the status of the employment resulting from the adjudicated grievance. Only in cases where the discipline meted out is based upon unfounded grievance, or insufficient cause, is the arbitrator empowered to set aside the disciplinary action of the employer. The employer, alone, is empowered to dismiss, or suspend, or otherwise discipline his employee, if and when such employee is inefficient or disregards the "operating rules and policies"

536

of his employer, or is guilty of insubordination, or for any cause which the employer considers justifiable. The arbitrator has no jurisdiction to set aside the disciplinary action of the employer when the employee is guilty of contractual disciplinary offenses of which he is charged by his employer.

In the case here, the arbitrator having sustained the employer's grievance, thus finding the employee guilty of disregarding the "operating rules and policies" of his employer,—thus not "unfair treatment"—the action of the arbitrator in reinstating the employee and directing reimbursement of his loss of wages, to wit $290, for the period of his suspension, is without the jurisdiction of such arbitrator; and the trial court having sustained such action of the arbitrator, the judgment of the trial court in that regard is reversed; otherwise affirmed. Accordingly a Declaratory Judgment should have been rendered sustaining the action of the appellant, Tide Water Associated Oil Company, in demoting appellee Tims from the classification of a pumper to that of a roustabout and suspending him for 30 days without the payment of his loss of wages, as coming within the scope of the contract in suit. Therefore, the judgment of the court below is affirmed in part, reversed and rendered in part; all costs taxed against appellees